IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI (HANNIBAL)

JENNIFER JOHNSON, individually and )
As Next Friend for S.J., a minor, )
                                                  )
               Plaintiffs, )        Case No. 2:26-cv-00001-NCC
     v. )
                                                 )
CALLAWAY COUNTY, MISSOURI, et al. )
                                                  )
             Defendants. )

**DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM**

COMES NOW Defendant, Advanced Correctional Healthcare, Inc., by and

through its attorneys, and, for its Memorandum in Support of Motion to Dismiss for

Failure to State a Claim, states as follows:

**FACTUAL ALLEGATIONS**

Plaintiffs' decedent, Timothy Johnson, asphyxiated himself after being

transferred from the Callaway County Jail to the Audrain County Jail while on

suicide watch.  This Defendant was under contract with both the Callaway County

Jail and Audrain County Jail to provide healthcare providers to detained persons at

those jails. On November 22, 2022, Plaintiffs' decedent saw an officer to obtain

medical information, and Plaintiffs' decedent gave contradictory information on

whether he was suicidal. Thereafter, on the same date (November 22, 2022),

Decedent was seen by the Callaway County Jail's contracted nurse.  Doc. 3, par. 50.

Plaintiffs allege that Decedent was placed on a prescription by the healthcare providers for Abilify (aripiprazole), an antipsychotic, with the order starting November 22, 2022, and ending March 22, 2022.  Doc. 3, par. 51.  Decedent also underwent a behavioral health screening at the nurse's request while at the Callaway County Jail. Doc. 3, par. 52.  According to the completed behavioral health screening form, Decedent self-reported that he was not suicidal. Doc. 3, par. 53. However, Decedent was placed on suicide watch, by the health care providers to be subjected to observation every 15 minutes by custody officers and was housed separately from general population. Doc. 3, par. 54. On November 26, 2022, Defendant Evans transported and delivered the decedent to the Audrain County Jail. Doc. 3, par. 63. On November 29, 2022, Decedent hung himself at the Audrain County Jail with a knotted bedsheet. Doc. 3, par. 75. There are no other facts listed in the Complaint (Doc. 3) against this Defendant.  This Defendant never had any involvement in the care and treatment of the decedent at Audrain County Jail. (Doc. 3).  This Defendant's healthcare staff **did** provide care and treatment to the decedent, provided him medications, and also put him on suicide watch while he was at the Callaway County Jail.  (Doc. 3). Plaintiffs' main allegations are that Callaway County jail personnel did not tell Audrain County Jail about Decedent being on suicide watch.  Those allegations have nothing to do with this Defendant. In addition, all the policies and procedures that Plaintiffs allege were violated were policies and procedures of the Callaway County Jail and the Audrain County Jail, and not this Defendant. (See Doc. 3). Plaintiffs allege Deliberate Indifference

(unconstitutional custom) against this Defendant, as well as many other defendants in Counts II and V of Plaintiff's Complaint. Plaintiffs allege in Count IX of Plaintiffs' Complaint a claim of wrongful death/medical malpractice against ACH. However, one paragraph, Paragraph 228, is blank.

## DISCUSSION OF LAW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief".  As such, Plaintiffs are required to provide "fair notice" of the nature of their claims and the grounds on which each claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n. 1 (2007). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* Detailed factual allegations are not required, but "[the] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…Factual allegations must be enough to raise a right to relieve above the speculative level." *Id.* The court is not bound to accept legal conclusions couched as factual allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  If this Court is satisfied that this action is frivolous, malicious, or fails to state a claim upon which relief may be granted, it is required to dismiss Plaintiffs' claims under the terms of the Prison Litigation Reform Act, 42 U.S.C. Section 1997e(c)(2005).

A "motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegation

in the complaint favorably to the pleader". *Clelland v. Cunningham Sandblasting and Painting, Inc.*, 2007 WL 62684 at #2 (USDC W.D. Mo. January 8, 2007) citing *County of St. Charles, Mo. v. Mo. Family Health Council*, 107 F.3d 682, 684 (8th Cir. 1997)). Although, when considering a motion to dismiss, the court is to accept a plaintiff's factual allegation as true, the court is also to "reject conclusory allegations of law and unwarranted influences". *Clelland*, supra (citing *Silver v. H&R Block, Inc.* 105 F.3d 394, 397 (8th Cir. 1997)).

In its reliance upon *Twombly*, the Supreme Court, in *Iqbal*, reiterated the following two working principles to be considered when entertaining a motion to dismiss for failure to state a claim:

> "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…Second, only a complaint that states a "plausible" claim for relief survives a motion to dismiss (citation omitted). Determining whether a complaint states a plausible claim for relief will---be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief".

*Ashcroft v. Iqbal*, 129 S. Ct. at 1950.

## ARGUMENT

There are no facts listed in the Complaint (Doc. 3) against this Defendant contending that this Defendant did anything wrong.  The only time this Defendant is mentioned is in a statement that this Defendant provided the decedent with medication and put the decedent on suicide watch.  There is no evidence that this Defendant ever had any involvement in the care and treatment of the decedent at the Audrain County Jail.  Plaintiffs' main allegations are that Callaway County Jail personnel did not tell Audrain County Jail about Decedent being on suicide watch. Those allegations have nothing to do with this Defendant.  In addition, all the policies and procedures that Plaintiffs allege were violated were policies and procedures of the Callaway County Jail and the Audrain County Jail, and not this Defendant. Plaintiffs allege Deliberate Indifference (unconstitutional custom) against this Defendant and many other defendants in Counts II and V of Plaintiffs' Complaint. Plaintiffs raise a state tort allege in Count IX of Plaintiffs' Complaint, wrongful death/medical malpractice against ACH.  All the allegations in Counts II, V, and IX are conclusory, and therefore, fail to establish a claim.

This Defendant's actions, based upon the allegations against it, demonstrate that it responded immediately to the decedent's medical needs when it became aware of them and was not negligent or deliberately indifferent to Decedent's medical needs.

Plaintiffs' claims of deliberate indifference based on an unconstitutional policy (Counts II and V) fail to state a claim upon which relief can be granted.

Plaintiffs fail to identify any <u>ACH policy</u> that is unconstitutional on its face. Plaintiffs must provide evidence 'that…decision to maintain the policy was made with deliberate indifference to its known or obvious consequences. Deliberate indifferent is established where the policymaker 'had notice of an alleged inadequate in [its] policy' or 'the policy's alleged inadequacy was so patently obvious that the [policymaker] should have known that a constitutional violation was inevitable". *Pennington v. Hefner*, 2024 WL 2250403 at *3 (E.D. Mo. May 17, 2024)(internal citations omitted). The deprivations of decedent's constitutional rights are not alleged to have resulted from Defendant ACH's official policies.  This Defendant was not on notice that any alleged policy was inadequate, and it was not patently obvious that this Defendant should have known that a constitutional violation was inevitable because of the alleged policies of this Defendant (none were alleged as to this Defendant).  Plaintiffs do not adequately allege such and further, Plaintiffs fail to sufficiently allege that any policies of this Defendant were the moving force behind the decedent's death.  Plaintiffs do not allege the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by this Defendant.  Also, Plaintiffs fail to allege that ACH was on notice of any misconduct by ACH.  Finally, Plaintiffs fail to adequately allege that any alleged unconstitutional custom of ACH, of which none are mentioned, was the moving force behind the alleged constitutional violations against Decedent.

Plaintiffs' conclusory allegations related to causation fail to establish the causal link necessary to adequately allege an unconstitutional custom under

*Monell.*  Plaintiffs fail to allege sufficient, non-conclusory facts to support their claim against ACH's alleged custom, of which none are mentioned, was the moving force behind the alleged constitutional violation against the decedent.

Here, Plaintiffs allegations of deliberate indifference by ACH is completely conclusory.  These conclusory allegations are insufficient to state a claim for an unconstitutional policy under *Monell*. See *Troup v. Young*, 2025 WL 1910566, at *12 (8th Cir. July 11, 2025). Plaintiffs also do not allege even one prior instance of unconstitutional conduct by ACH employees related to the handling of a detainee's suicide watch.  Plaintiffs fail to allege a continuing, widespread, persistent pattern of unconstitutional misconduct by ACH.  See *Schreiner v. Babbitt*, 2025 WL 1426090, at *4 (W.D. Mo. May 16, 2025) and *Elbert v. City of Kansas City Missouri*, 2019 WL 1374570, at *3 (W.D. Mo. Mar. 26, 2019). Plaintiffs also fail to sufficiently allege the notice requirement of an unconstitutional custom claim.  See *e.g., Elbert*, 2019 WL 1374570, at *3.  Plaintiffs never allege that this Defendant was ever notified of any prior complaints or instances related to unconstitutional or deficient policy or custom.  Plaintiffs fail to point to even one prior situation that would have notified this Defendant of a widespread, persistent pattern of unconstitutional misconduct of **this Defendant**.

Plaintiffs' state tort medical malpractice/wrongful death claims against this Defendant (Count IX), should also be dismissed.  Plaintiffs have alleged no facts upon which this Defendant can be held liable or demonstrate that it deviated from the standard of care or caused the decedent damage.

WHEREFORE, Defendant Advanced Correctional Healthcare, Inc. respectfully requests this Court grant its Motion to Dismiss, to dismissal all claims against it with prejudice, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

/s/ *J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode, MoBar # 31080
Lisa Howe, MoBar # 45072
ECKENRODE-BAUMAN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
lhh@eckenrode-law.com
*Attorneys for Defendant ACH*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via court's electronic filing system and electronic mail on this 23rd day of March, 2026 to the following:

**Blake Markus**
Carson  Coil, PC
515 East High Street
Jefferson City, MO 65102
Gabe.h@carsoncoil.com
*Attorney for Plaintiffs*

**Michael G. Berry**
**Grayson K. Smith**
Newman, Comley & Ruth, P.C.
601 Monroe Street, Ste. 301
P.O. Box 537
Jefferson City, MO 65101
michaelberry@ncrpc.com
smithg@ncrpc.com
*Attorney for Defendants Callaway County, Missouri, Darryl Maylee, Clay Chism, and Detention Officer Evans*

**Bridgett N. Fu**
**Julianna C. Leung**
Brinker & Doyen, LLP
34 N. Meramec Ave. 5th Floor
Clayton, MO 63105
bfu@brinkerdoyen.com
 jleung@brinkerdoyen.com
*Attorneys for Defendants Audrian County, Matt Oller and Timothy Tanner*


                                        /s/ *Joan Monninger*