**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JENNIFER JOHNSON and S.J., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CALLAWAY COUNTY, MISSOURI, | ) | |
| DARRYL MAYLEE, | ) | |
| CLAY CHISM, | ) | Case No. 2:26-CV-00001-NCC |
| DETENTION OFFICER EVANS, | ) | |
| AUDRAIN COUNTY, MISSOURI, | ) | |
| MATT OLLER, | ) | |
| TIMOTHY TANNER, and | ) | |
| ADVANCED CORRECTIONAL | ) | |
| HEALTHCARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on a Motion to Strike (Doc. 26) filed by Defendants

Callaway County, Missouri, Darryl Maylee, Clay Chism, and Detention Officer Evans

(collectively, "Callaway Defendants").  Plaintiffs filed a Memorandum in Opposition (Doc. 30).

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge

pursuant to Title 28 U.S.C. § 636(c) (Doc. 16).  For the following reasons, the motion will be

**DENIED**.

The Callaway Defendants move the Court to strike allegations of alcohol-related

incidents pertaining to Defendant Clay Chism ("Chism"), the former Callaway County Sheriff.

They assert the incidents are irrelevant in that they occurred at times and places unrelated to

decedent's confinement at, transfer of custody to, or suicide at the Audrain County Jail in

November of 2022 (Doc. 26 at 1). Specifically, Defendants request the Court strike paragraphs 86, 87, 88, 89, 90, 91, 92, and 106 of the Petition, reproduced here:

> 86. Defendant Chism was arrested on October 6, 2022, on suspicion of driving while intoxicated and resisting arrest.

> 87. On November 10, 2022, Defendant Chism was charged by information filed in the Circuit Court of Randolf County, Missouri, with driving while intoxicated and resisting arrest.

> 88. In that charging document, Defendant Oller was listed as a prosecution witness.

> 89. Defendant Chism—in the fall of 2022 and winter of 2023—drank alcohol while on duty as the elected Sheriff of Callaway County, even after his October 2022 arrest and November 2022 charges.

> 90. Before Defendant Chism's October 2022 arrest, Defendant Callaway County knew of Defendant Chism's issues with consuming alcohol while in uniform or on duty.

> 91. According to the presiding commissioner of Defendant Callaway County, in September 2022, the presiding commissioner observed what he believed to be an intoxicated Defendant Chism getting into and driving away in a marked patrol vehicle.

> 92. In June 2023, Defendant Chism was suspended as sheriff and his peace officer license was suspended. Defendant Sheriff Maylee served as the Callaway County Sheriff on an interim basis. In March 2024, Defendant Chism's peace officer license was fully revoked.

> 106. After Decedent's suicide on November 29, 2022, Defendant Oller requested that Defendant Chism—who was facing criminal charges at the time for which Defendant Oller was serving as an identified prosecution witness—investigate the circumstances of Decedent's death.

(Doc. 3 at 19-20, 23). The Callaway Defendants argue that Plaintiffs fail to tie these allegations to decedent's suicide, and that they are irrelevant, impertinent, scandalous, and interject prejudice (Doc. 26 at 2).

In response, Plaintiffs first summarize pertinent claims from their Petition as follows: Count II includes claims that certain Callaway Defendants acted with deliberate indifference and

2

tacitly authorized a continuing, widespread, persistent pattern of unconstitutional misconduct by employees and agents at the Callaway County Jail; Count III alleges that certain Callaway Defendants acted with deliberate indifference in failing to train or supervise jail employees; Count V alleges Defendants Audrain County and Defendant Matt Oller acted with deliberate indifference with regard to unconstitutional misconduct by employees of the Audrain County Jail; and these counts request punitive damages as one of several remedies (Doc. 30 at 4-5). Plaintiffs further respond that the Callaway Defendants fail to meet their burden of demonstrating prejudice and ignore that there is at least a colorable argument that the cited allegations at issue are relevant to the litigation and expository (*id*. at 2-6).

### I. Legal Standard

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). "Striking a party's pleading, however, is an extreme and disfavored measure." *Id.*; *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) ("striking a party's pleadings is an extreme measure, and, as a result, we have previously held that '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'") (quoting *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977)). "But despite this, it is sometimes appropriate to strike pleadings, such as when a portion of the complaint lacks a legal basis." *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021). "Applying these standards, the Eighth Circuit Court of Appeals has ruled that even matters that are not 'strictly relevant' to the principal claim at issue should not necessarily be stricken, if they provide 'important context and background' to claims asserted or are relevant to

3

some object of the pleader's suit." *Holt v. Quality Egg, L.L.C.*, 777 F. Supp. 2d 1160, 1169 (N.D. Iowa 2011) (quoting *Stanbury*, 221 F.3d at 1063).  As Wright & Miller summarized:

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action. Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party.

5C *Wright & Miller's Federal Practice & Procedure* § 1382 (3d ed. 2004) (footnote citations omitted).

## II. Analysis

The Callaway Defendants provide no substantive argument supporting their position and do little more than baldly assert that the noted allegations are irrelevant, impertinent, scandalous, and prejudicial (Doc. 20).  Defendants have not attempted to show how these paragraphs cause them prejudicial harm.

Plaintiffs assert that the allegations at issue recount Chism's use of alcohol while on duty as sheriff of Callaway County immediately prior to decedent's suicide; recount Chism's arrest, criminal charges, and the revocation of his peace officer license; and recount that Defendant Oller was identified as a witness in Chism's criminal prosecution, and that he thereafter requested Chism to investigate decedent's death in this matter (Doc. 30 at 5).  Plaintiffs further assert that the allegations support their claims of a widespread pattern of unconstitutional misconduct and are expository as to the following: explaining why Defendant Maylee became

4

acting sheriff and explaining Chism's conduct and on-the-job stresses at the time decedent was detained at Callaway County (*id*).  Plaintiffs further argue that Chism's "stresses" could potentially be related to the alleged failures to supervise or train staff, failures to provide more than just on-the-job training for suicide risk detainees, and failures to properly provide notice to Audrain County officials regarding decedent's suicide risks (*id*.).  Finally, Plaintiffs assert Chism's connections with Defendant Matt Oller may lead to explanations of inconsistencies in facts revealed in discovery, items missing in discovery, and anyone being cleared of misconduct internally who should have been disciplined, which could in turn lead to admissible evidence regarding punitive damages (*id*. at 5-6).

Upon review of the motion to strike and the response, the Court is not persuaded it should employ the drastic and disfavored measure of striking the above-enumerated paragraphs of the Petition.  These allegations, at the very least, provide important background information and context, and may well be relevant to Plaintiffs' claims.  *See Stanbury*, 221 F.3d at 1063.  Notably, "at this stage of the proceedings, the Court is not concerned with what evidence will be admissible on any of Plaintiff[s'] claims, but instead with whether Defendants have demonstrated the challenged paragraphs are redundant, immaterial, impertinent, or scandalous— which Defendants have not done." *Ballinger v. Gustafson*, No. 8:22CV213, 2022 WL 16758558, at *4 (D. Neb. Oct. 19, 2022).  Because the Callaway Defendants have failed to make this showing, and have failed to show harmful prejudice, the Court will deny the Motion to Strike.  *See id.*

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Strike filed by Defendants Callaway

County, Missouri, Darryl Maylee, Clay Chism, and Detention Officer Evans (Doc. 26) is

**DENIED**.

Dated this 7th day of August, 2026.

_/s/ Noelle C. Collins_

NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE